USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ruben Ortega Juarez, and on behalf of others similarly situated,

       Plaintiff,

-against-

Mi Mexico Mini Market & Grocery Inc., et al.,

       Defendants.

1:23-cv-06978 (JLR) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

  By Order dated October 30, 2023, Judge Rochon referred this case to me to conduct an inquest concerning Plaintiff's damages. (ECF No. 19.) Plaintiff previously had served the Complaint and Summons on Defendants on August 14, 2023, and August 15, 2023. (ECF Nos. 12-15.) None of the Defendants filed an Answer or otherwise responded to the Complaint. Following the referral, the undersigned issued an order directing Plaintiff to seek Clerk's Certificates of Default with respect to each Defendant against whom Plaintiff will be moving for default. (ECF No. 20.) On November 13, 2023, Plaintiff sought Clerk's Certificates of Default as to Defendants Mi Mexico Mimi Market & Grocery Inc., Cecilio Lezama, Jael Lezama and Rene Lezama. (*See* ECF Nos. 21-25.) On Plaintiff's supporting papers, on November 14, 2023, the Clerk of Court entered Clerk's Certificates of Default as to the Defendants. (*See* ECF Nos. 26-29.)

  It is hereby Ordered that Plaintiff shall file his motion for default judgment no later than November 29, 2023. Plaintiff's motion shall include the elements of each asserted cause of action and shall demonstrate how Plaintiff's allegations establish Defendants' liability as to each. *See,*

*e.g., LG Capital Funding, LLC v. FLASR, Inc.*, 422 F. Supp. 3d 611, 623 (E.D.N.Y. 2018) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

In addition, Plaintiff shall file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other relief that Plaintiff seeks. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount. Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figure to the legal claim(s) on which liability has been established; should demonstrate how Plaintiff arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding</u>.[1]

In lieu of conclusions of law, Plaintiff may submit a memorandum of law setting forth the legal principles applicable to Plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the

---

[1] Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar and their hourly rate. Finally, the Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees, including why, if applicable, the number of attorneys involved are entitled to fees.

Court has both personal jurisdiction over the Defendants, and jurisdiction over the subject matter.

The Court hereby notifies the parties that it may conduct the damages inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

It is further Ordered that, no later than December 15, 2023, Plaintiff shall serve his motion papers, along with a copy of this Order, on Defendants and file proof of service on the docket.

Defendants shall send to Plaintiff's counsel and file with the Court their responses, if any, to Plaintiff's submissions no later than January 1, 2024.

**SO ORDERED.**

Dated:   November 15, 2023
           New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**