UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUBEN ORTEGA JUAREZ, individually and on behalf of others similarly situated

       Plaintiff,

-against-

MI MEXICO MINI MARKET & GROCERY INC. et al.,

       Defendants.

---

Case No. 1:23-cv-06978 (JLR) (SDA)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

  On August 8, 2023, Ruben Ortega Juarez ("Plaintiff") commenced this action under federal and state law against Mi Mexico Mini Market & Grocery Inc., Cecilio Lezama, Rene Lezama, and Jael Lezama (collectively, "Defendants"). ECF No. 1. On October 30, 2023, the Court referred this action to the magistrate judge for purposes of an anticipated motion for default judgment. ECF No. 19. On November 13, 2023, Plaintiff requested Certificates of Default against Defendants. ECF Nos. 21-25. On November 14, 2023, Certificates of Default were entered in favor of Plaintiff and against Defendants. ECF Nos. 26-29. On November 29, 2023, Plaintiff moved for default judgment against Defendants. ECF Nos. 31-33. Plaintiff served his default motion papers on Defendants and filed proof of such service on December 15, 2024. ECF No. 34. Defendants have not appeared or otherwise opposed Plaintiff's motion.

  On January 9, 2024, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation with respect to the motion (the "Report"). ECF No. 35. The Report recommends that the Court grant Plaintiff's motion for default judgment. *Id.* The Report warned, in bold, capitalized text, that "the failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review." *Id.* at 12 (capitalization omitted).

1

Plaintiff served the Report on Defendants on January 10, 2024.  ECF No. 36.  No party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, --- F. Supp. 3d ----, 2023 WL 4406156, at *1 (S.D.N.Y. July 7, 2023) (quoting *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019)).  "A party's 'failure to object timely to a report waives any further judicial review of the report' so long as the party received 'clear notice of the consequences of their failure to object.'"  *Id.* (quoting *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Here, neither party has submitted objections to the Report.  The Court therefore reviews the Report for clear error.  *See id.*  The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous.[1]  The Court ADOPTS the thorough and well-reasoned Report in its entirety.

---

[1] The Court makes one very minor clarification to the Report.  When discussing the costs awarded, the magistrate judge recommends awarding costs totaling $488.00, holding "the $402.00 filing fee and the $82.00 in service-related expenses . . . in the total amount of $488.00, to be reasonable."  Report at 11.  The invoices filed with the Court reflect a $402.00 filing fee and $86.00 in service-related expenses, *see* ECF No. 32-12 at 1.  Regardless, the total amount of $488.00 in recommended costs (that is, $402.000 + $86.00) is accurate and reasonable.

The Clerk of Court is directed to enter default judgment in favor of Plaintiff and against Defendants in the total amount of $217,249.50 (consisting of $108,624.75 in minimum and overtime wages and $108,624.75 in liquidated damages). Plaintiff is awarded $2,543.00 in attorneys' fees and costs. Plaintiff is also awarded pre-judgment interest at the New York statutory rate of 9% per year on the sum of $108,624.75, calculated from July 8, 2020 until the date of entry of judgment. Finally, if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, per Section 198(4) of the New York Labor Law.

In light of the clear notice provided in the Report, the lack of any timely objections precludes appellate review of this decision. *See Frank*, 968 F.2d at 300.

The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff consistent with this Order, and CLOSE the case.

Dated: January 26, 2024
        New York, New York

                                            SO ORDERED.

                                            *Jennifer Rochon*
                                            JENNIFER L. ROCHON
                                            United States District Judge